```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/18/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICKFORD SAMAROO,

                              Plaintiff,

            -against-

NEW YORK CITY HOUSING AUTHORITY;
NEW YORK CITY POLICE DEPARTMENT,

                              Defendants.

25-CV-06355 (MMG)

ORDER OF SERVICE

MARGARET M. GARNETT, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. By order dated September 9, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court: (1) dismisses Plaintiff's claims against the New York City Police Department ("NYPD"), and substitutes as a defendant, under Rule 21 of the Federal Rules of Civil Procedure, the City of New York; (2) directs the Clerk of Court to add as defendants, under Rule 21, NYPD Lieutenant Isaac, Sergeant Yang, and Officers Fucci and Llanos; (3) requests that the City of New York and NYPD officers waive service of summons; and (4) directs service on the New York City Housing Authority ("NYCHA").

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474

(2d Cir. 2006) (internal references omitted).

## DISCUSSION

### A.    Claims against the NYPD

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of

New York is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and

proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the city of New York and not in that of any agency, except where otherwise provided by

law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City

of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited

from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of

New York, the Court construes the complaint as asserting claims against the City of New York,

and directs the Clerk of Court to amend the caption of this action to replace the NYPD with the

City of New York.  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses

the City of New York may wish to assert.

### B.    Addition of NYPD officers

Under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), the Court, on its own

motion, "may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21; *see Anwar v.

Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s]

courts discretion to shape litigation in the interests of efficiency and justice.").  Under this rule,

courts have added an individual as a defendant in an action, though that individual is not named

as a defendant in the complaint, because he or she is mentioned "throughout the body of the

[c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-01723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 1:19-CV-5009 (VSB), 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019). A court may also add a party to an action, under Rule 21, when it is clear that the plaintiff intended to name that party as a defendant, but inadvertently failed to do so. *See Fullewellen v. City of New York*, No. 21-CV-07219 (MKV), 2021 WL 4940984, at *2 (S.D.N.Y. Sept. 14, 2021); *see also Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

Plaintiff does not name NYPD Lieutenant Isaac, Sergeant Yang, and Officers Fucci and Llanos as defendants in the caption of the complaint. Because Plaintiff provides their names and badge numbers and makes allegations against them (*see* ECF 1-1, at 11, 18–20), it appears that Plaintiff intended to name them as defendants in this action. In light of Plaintiff's *pro se* status and his allegations against these individuals, the Court understands Plaintiff's complaint as asserting claims against these individuals. Accordingly, the Court directs the Clerk of Court to add as defendants in this action, under Rule 21, Lieutenant Isaac, Sergeant Yang, and Officers Fucci and Llanos. This amendment is without prejudice to any defenses these individuals may wish to assert.

## C.    Waiver of service

The Clerk of Court is directed to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that the City of New York; Police Service Area 4 Lieutenant Isaac; Sergeant Yang, Badge #4070; Officer Fucci, Badge #30800; and Officer Llanos, Badge #25662, waive service of summons.

**D.      Service on NYCHA**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant NYCHA through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for NYCHA.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon NYCHA.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued.  The Court therefore extends the time to serve until 90 days after the date any summonses issue.

**CONCLUSION**

The Court dismisses Plaintiff's claims against the New York City Police Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court directs the Clerk of Court to add the City of New York as a defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further directed to add as defendants in this action, under Fed. R. Civ. P. 21, Lieutenant Isaac, Sergeant Yang, and Officers Fucci and Llanos.

The Clerk of Court is also directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the City of New York; Police Service Area 4 Lieutenant Isaac; Sergeant Yang, Badge #4070; Officer Fucci, Badge #30800; and Officer Llanos, Badge #25662, waive service of summons.

The Clerk of Court is instructed to issue a summons for Defendant NYCHA, complete the USM-285 form with the address for NYCHA, and deliver all documents necessary to effect service on this defendant to the U.S. Marshals Service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    September 18, 2025
          New York, New York

MARGARET M. GARNETT
United States District Judge

5

## SERVICE ADDRESS FOR DEFENDANT NYCHA

New York City Housing Authority
90 Church Street, 11th Floor
New York, NY 10007